UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                                                         04 cr 1304 (PKC)

        -against-

                                                                                       <u>ORDER</u>

RONNIE SPELLS,

                Defendant.
-------------------------------------------------------------x

CASTEL, U.S.D.J.:

        Defendant Ronnie Spells, an inmate at USP Florence-High, has filed an emergency motion for a sentence reduction pursuant to the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A), asserting "extraordinary and compelling reasons." (Doc 58.) Spells is serving a sentence of principally 186 months imprisonment and has an expected release date of February 19, 2024. Spells argues that, if he were to contract the disease caused by the COVID 19 virus, he would be at an enhanced risk because he is a 41 year-old, African American male with asthma. According to information posted by the CDC, a person with "moderate to severe asthma" "might be at an increased risk" if they contract the disease.[1]

        Spells has come forward with a written request dated April 1, 2020 to the Warden of the facility for a compassionate release from custody. The government does not argue that he has failed to exhaust his administrative remedies.

---

[1] People Who Are at Higher Risk for Severe Illness, CDC, www.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (accessed June 30, 2020).

Mailed to Ronnie Spells 7/1/2020

But, as the government points out, there is presently pending in the Second Circuit an appeal from a prior denial of a sentencing reduction and this Court does not presently have jurisdiction to rule on his application. The Court issues this Order as an indicative ruling of how it would rule if jurisdiction were restored to it.

DISCUSSION

Section 3582(c)(1)(A) of title 18 provides that "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," a court may reduce such defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C.§ 3582(c)(1)(A)(i). The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable." Id. § 3582(c)(1)(A).

The United States Sentencing Commission is required by statute to promulgate "general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18 [] describ[ing] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). See United States v. Butler, No. 19 Cr. 834-10 (PAE), 2020 WL 1689778, at *1 (S.D.N.Y. Apr. 7, 2020); United States v. Ebbers, ___ F. Supp. 3d ___, No. 02 Cr. 1144-3 (VEC), 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020). The Commission's policy statement and its corresponding commentary on section 3582(c)(1)(A) state that a court may reduce a sentence for "extraordinary and compelling

reasons," including where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A)(ii). The defendant must also not be a danger to the community and the reduction must be consistent with the Commission's policy statement. Id. § 1B1.13(2)–(3).

The Court has also considered whether the application of section 3553(a) factors (all of which have been considered even though not discussed) would now counsel in favor of a reduced sentence and concludes that they would not. The sentencing judge calculated the guidelines range correctly, acknowledged variance discretion, initially imposed a sentence 30 months below the advisory guidelines, upon remand from the Second Circuit acknowledged that the variance discretion could be based upon a policy disagreement with the guidelines, acknowledged awareness of reduction of the crack guidelines (which was prompted by the unwarranted sentencing disparity between crack and powdered cocaine guidelines) and imposed a further reduced non-guideline sentence that in terms of the period of incarceration was 76 months below the bottom of the advisory guidelines.

The crimes Mr. Spells committed remain worthy of just punishment and his sentence promotes respect for the law. Judge Lynch noted that "the present conviction involved dealer-level quantities of both crack and heroin, as well as not one but four loaded firearms, including two submachine guns, and several of those weapons had obliterated serial numbers." (Sept. 27, 2006, Tr. 28). The record, he observed, reflected "a complete disregard for law" (Id., Tr. 28), noting that he has "violated bail, violated probation, returned to crime after being imprisoned and smuggled contraband into the prison system itself." (Id., 30-31.)

There remains a serious and important need to protect the public from further crimes of this defendant.  While increasing age (he is presently 41) reduces the risk of recidivism, his long criminal history and the fact that his convictions are for firearms and drug trafficking offenses point to a high rate of recidivism. See United States Sentencing Commission, *The Effects of Aging on Recidivism Among Federal Offenders,* fig. 19, p. 25 (Dec. 2017) (rearrest rate of offenders released between ages 40 and 49 originally convicted of a firearms offense is 62.8% and a drug trafficking offense is 42.3%).

Mr. Spells post-sentence conduct has been poor. His disciplinary history includes possession of drugs/alcohol, assaults, possession of a dangerous weapons, fighting and threatening bodily harm.  The Court accepts defendant's modest point that he has not had a disciplinary charge since April 2018.

The Court fully credits that Spells's asthma places him at a likely greater risk if he were to contract COVID-19.  The Court is aware that if his sentence were reduced to time served he would be able to use personal protective equipment of his choosing, social distance in a manner of his choosing and, if he became ill, seek medical treatment of his own choosing but balancing the risks to him along with the section 3553(a) factors and the danger that he still poses, the Court would decline to grant his application.

CONCLUSION

If the jurisdiction of this Court were restored, the Court would deny Spells's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c).  The Clerk is directed to terminate the motion (Doc 74).

- 5 -

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       July 1, 2020